**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CURTIS DUHART,

              Petitioner - Appellant,

v.

P.L. VASQUEZ, Warden,

              Respondent - Appellee.

No. 13-55813

D.C. No. 5:12-cv-00922-GHK-E

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. King, Chief District Judge, Presiding

Submitted August 7, 2015[**]
Pasadena, California

Before: SILVERMAN, SACK[***], and WARDLAW, Circuit Judges.

Curtis Duhart appeals the district court's denial of his 28 U.S.C. § 2254

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable Robert D. Sack, Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

petition. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because the denial of Duhart's habeas petition was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent, we affirm. *See* 28 U.S.C. § 2254(d)(1)-(2); *Harrington v. Richter*, 562 U.S. 86 (2011).

The state court did not unreasonably determine that, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have concluded Duhart knew or reasonably should have known that Jane Doe had a developmental disability rendering her incapable of consenting to sexual intercourse with him. *See* Cal. Penal Code § 261(a)(1); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Dr. Edward Frey testified that Doe had a low IQ and mild mental retardation, making it difficult for Doe to verbalize her thoughts. Officers Douglas Loreman and Brian Wilson, and nurse Ann Rowney each testified that they quickly noticed Doe's "flat," emotionless expression on the evening of the incident. *See, e.g.*, *People v. Hillhouse*, 109 Cal. App. 4th 1612, 1623 (2003). Officers Loreman and Wilson, and nurse Rowney also testified that Doe had extreme difficulty answering basic questions and understanding common words.

Additionally, Doe's teacher, Craig Goldsberry, testified that Doe would often come to school with an odor. Officer Sherry Vasilis, who spoke with Doe after the incident, confirmed that Doe had very poor hygiene and an overwhelming

odor. Vicki Smith, the consumer service coordinator for the Inland Regional Center, testified that Doe needed regular assistance completing basic daily tasks.

Finally, Doe herself testified, giving the jury a firsthand opportunity to observe the extent and obviousness of her disability and to determine from its impression of her that it should have been obvious to Duhart, even though his encounter with Doe was brief, that she had a developmental disability that rendered her incapable of consent.

**AFFIRMED.**